UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTOR ARIZA,**

       **Plaintiff,**

v.                                              Case No: 6:24-cv-452-PGB-EJK

**CHOCOMERE LLC,**

       **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion"), filed April 24, 2024. (Doc. 10.) Upon consideration, the Motion is due to be granted.

### I.  BACKGROUND

Plaintiff filed a Complaint against Defendant Chocomere LLC, on March 4, 2024, for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12101–12213. (Doc. 1). The Proof of Service affidavit reflects that Defendant was served on March 5, 2024, through service on an employee of its registered agent. (Doc. 6.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 10.) The Motion is now ripe for review.

### II.  STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Defendant is an LLC operating real property in Florida. (Doc. 1 ¶ 7.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Proof of Service affidavit reflects that Defendant was served on March 5, 2024, through service on an employee of its registered agent, United States Corporation Agents, Inc. (Doc. 10.) Florida's Division of Corporation's website confirms that United States Corporation Agents, Inc., is Defendant's registered agent.[1]

---

[1] *Detail by Entity Name of Chocomere LLC*, Division of Corporations, an official State of Florida website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CHOCOMERE%20L210002833430&aggregateId=flal-l21000283343-14049bc5-c103-43ce-b73c-c03d2958c08b&searchTerm=Chocomere%20llc&listNameOrder=CHOCOMERE%20L210002833430 (last visited Apr. 26, 2024).

Therefore, service was effective under Rule 4(h)(1)(B).[2] Since Defendant was served on March 5, 2024, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 10) is **GRANTED**.
2. The Clerk is **DIRECTED** to enter a default against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, Florida Statute § 48.091(4) states that service of process on an employee of a registered agent that is not a natural person is acceptable.